UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61203-CIV-DIMITROULEAS

BROWARD COUNTY CIVIL RIGHTS
DIVISION, on behalf of Phyllis Schleifer,

     Plaintiff,

vs.

VENTNOR H CONDOMINIUM ASSOCIATION, INC.,

     Defendant.

_____/

## ORDER GRANTING, IN PART, DENYING, IN PART, MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's, Ventnor "H" Condominium

Association, Inc., Motion to Dismiss for Failure to State a Claim [DE-7], filed herein on June 21,

2011.  The Court has carefully considered the Motion, Plaintiff's Response [DE-9], notes no

reply was filed and the time for filing such reply has passed, and is otherwise fully advised in the

premises.

### I. BACKGROUND

Plaintiff, Broward County Civil Rights Division ("BCCRD") commenced the instant

action on May 24, 2011, on behalf of Phyllis Schleifer ("Schleifer") pursuant to the Fair Housing

Act, as amended, 42 U.S.C. § 3601, *et. seq*. ("FHA") and the Broward County Human Rights

Act, Section 16½ Broward County Code of Ordinances ("BCHRA").  Defendant Ventnor "H"

Condominium Association, Inc. ("Ventnor") is a non-profit corporation responsible for

administering and governing its condominium complex.  Plaintiff alleges that Schleifer resides

within Ventnor's complex and is a disabled individual who suffers from a number of medical

conditions, including severe depression and post-traumatic stress disorder.  Plaintiff further

alleges that as a result of her medical conditions Schleifer acquired an emotional support animal, a dog, at her doctor's recommendation.  Plaintiff alleges that Defendant refused Schleifer's request for a reasonable accommodation in Ventnor's rules, policies, practices, or services which prohibit pets at Ventnor, thereby discriminating against Schleifer on the basis of her disability.

Schleifer previously filed a complaint of discrimination with the BCCRD (the "2008 Complaint").  Plaintiff alleges that the BCCRD determined that there was no "reasonable cause" to believe that discrimination had occurred in regard to the 2008 Complaint.  Plaintiff alleges that during the investigation of the 2008 Complaint, Ventnor posted a public notice regarding Schleifer's request for accommodation that included her name in order to shame, humiliate, and intimidate Schleifer for making a request for an accommodation.  Further, Plaintiff alleges that Ventnor demanded that Schleifer pay the attorney's fees incurred by Ventnor in defending the 2008 Complaint.  Thereafter, Schleifer filed a second complaint with the BCCRD ("2009 Complaint"), which serves as the basis for the instant action.  Plaintiff asserts four (4) counts in the Complaint: (1) in counts I and III Plaintiff alleges that Ventnor violated the FHA and BCHRA by refusing Schleifer a reasonable accommodation, and (2) in counts II and IV Plaintiff alleges that Ventnor coerced, intimidated, threatened, or interfered with Schleifer in the exercise and enjoyment of, and on account of her having exercised and enjoyed, her fair housing rights under the FHA and BCHRA.

## II.  DISCUSSION

### A.      Motion to Dismiss Standard

Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure

to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  However, pursuant to *Twombly*, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).  In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

**B.      Ventnor's Motion to Dismiss**

As to count I, Ventnor argues that Plaintiff fails to establish a *prima facie* case of discrimination, specifically, Ventnor argues that Plaintiff fails to establish that Schleifer has a "disability" within the meaning of the Americans With Disabilities Act, 42 U.S.C. § 12102(1) ("ADA").  Plaintiff does not contend that the "disability" definition of the ADA is inapplicable to the instant action.[1]  Instead, Plaintiff simply counters that it need not establish a *prima facie*

---

[1]  Regardless, the Court notes that although the FHA uses the term "handicap" and the ADA uses the term "disability," the two terms are equivalent.  *Compare* 42 U.S.C. § 3602(h) (definition of "handicapped" individual in the FHA), *with* 42 U.S.C. § 12102 (definition of

case of discrimination at this stage and argues that it has sufficiently alleged that Schleifer is a

disabled individual who suffers from severe depression and post-traumatic stress disorder.

The ADA states that, with respect to an individual, disability means "(A) a physical or

mental impairment that substantially limits one or more major life activities of such [an]

individual; (B) a record of such an impairment; or (C) being regarded as having such an

impairment . . . " 42 U.S.C. § 12102(1).  While it may be true that Plaintiff need not *establish*

Schleifer's disability at this stage in the litigation, this does not mean that Plaintiff is not required

to allege sufficient facts to plausibly infer that Schleifer is in fact disabled.  However, other than

making the conclusory allegation that Schleifer suffers from severe depression and post-

traumatic stress disorder, Plaintiff has not alleged that Schleifer meets any of the three

definitions of disability under the ADA.  As such, the Court finds that count I for disability

discrimination is subject to dismissal for failure to sufficiently allege that Schleifer is disabled.

*See Dixon v. McArthur Dairy, LLC,* Case No. 09-21774-CIV, 2010 WL 2985634, at *5 (S.D.

Fla. July 23, 2010) (dismissing claim for disability discrimination where the plaintiff failed to

allege sufficient facts to demonstrate that he was disabled under any of the three definitions of

disability in the ADA).

In regard to counts II and IV, Ventnor argues that Plaintiff fails to allege how Schleifer

was coerced, intimidated, threatened, or interfered with by Ventnor in order to state a claim.  The

Court finds this argument to be without merit.  As pointed out by Plaintiff, Plaintiff alleges in the

Complaint that in order to shame, humiliate, and intimidate Schleifer, Ventnor demanded that

---

"disability" in the ADA).  Since the parties repeatedly refer to Schleifer as being disabled the
Court will focus upon the ADA's definition of "disability."

Schleifer pay the attorney's fees incurred by Ventnor in regard to the 2008 Complaint and posted

a public notice related to Schleifer's discrimination claim and request for an accommodation.

[DE-1, ¶¶ 17-20]. The Court finds these allegations sufficient to give Ventnor fair notice of the

claims against it and to state a plausible claim for relief.[2]

Next, Ventnor argues that the claim for punitive damages in paragraphs 29(d) and 33(e)

should be stricken for failing to allege entitlement to or the elements for an award of punitive

damages. *See Smith v. Wade,* 461 U.S. 30, 56 (1983) (holding that a "jury may be permitted to

assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be

motivated by evil motive or intent, or when it involves reckless or callous indifference to the

federally protected rights of others."). Notably, Plaintiff does not respond to this argument and

in doing so appears to concede that the punitive damages claim is not sufficiently pled. As such,

the Court finds that the claim for punitive damages is subject to dismissal.

As to count III, Ventnor argues that this count is now moot and the prayer for attorney's

fees should be stricken. Ventnor's mootness argument is far from clear. It appears that Ventnor

is attempting to introduce facts outside of the Complaint to somehow show that count III is moot.

Even if the Court were able to comprehend the nature of this argument, the scope of review on a

motion to dismiss is limited to the four corners of the Complaint. As such, this argument is

---

[2] Ventnor's remaining arguments in section II of its Motion are far from clear and are conclusory at best. First, Ventnor argues that Plaintiff's Complaint is "devoid of any citation or section of the law or housing codes that VENTNOR violated to state a cause of action for retaliation against VENTNOR." [DE-7, ¶ 34]. Plaintiff has asserted claims under the FHA and the BCHRA and, as such, the Court is not sure how this argument serves as a basis to dismiss any counts as currently pled. Further, Ventnor makes the argument that Plaintiff fails to state with any specificity the purported injuries suffered by Schleifer. The Court is not persuaded that this conclusory argument serves as a basis to dismiss counts II and IV.

without merit.[3]

Finally, as to the attorney's fee argument, as pointed out by Plaintiff, Plaintiff has clearly

brought its claims pursuant to the FHA and the BCHRA and both have provisions for an award

of attorney's fees and costs.  *See* 42 U.S.C. § 3613 (c)(2) ("In a civil action under subsection (a)

of this section, the court, in its discretion, may allow the prevailing party, other than the United

States, a reasonable attorney's fee and costs"); *see also* BCHRA, § 16½ -30.10 ("In a civil action

commenced pursuant to this section, if the court finds that a discriminatory housing practice has

occurred or is about to occur . . .  the court may grant such affirmative relief from the effects of

the practice, including injunctive and other equitable relief, an award of compensatory and

punitive damages, and reasonable attorney's fees and costs.").  Consequently, Ventnor's request

to strike the attorney's fee request is denied.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendant's, Ventnor "H" Condominium Association, Inc., Motion to Dismiss for

        Failure to State a Claim [DE-7] is hereby **GRANTED in part, DENIED in part**;

2.      Count I is hereby **DISMISSED without prejudice**;

3.      The request for punitive damages in paragraphs 29(d) and 33(e) is hereby

        **DISMISSED without prejudice**;

4.      Plaintiff may file an amended complaint on or before August 2, 2011.

---

[3] As with section II, Ventnor also argues in section III of the Motion that Plaintiff has not
specified the "injuries" purportedly suffered by Schleifer.  Again, the Court is not persuaded that
this conclusory argument, without any further explanation or citation to authority, serves as a
basis to dismiss count III.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this

19th day of July, 2011.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record